| |
|---|
| **Taxi Tours Inc. v Go N.Y. Tours, Inc.** |
| 2024 NY Slip Op 33490(U) |
| September 27, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 653012/2019 |
| Judge: Jennifer G. Schecter |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY: COMMERCIAL DIVISION

PRESENT:     HON. JENNIFER G. SCHECTER          PART   54

*Justice*

-------------------------------------------------------------------------------X

TAXI TOURS INC., OPEN TOP SIGHTSEEING USA, INC.,
BIG BUS TOURS LIMITED, GO CITY, INC, GO CITY
NORTH AMERICA, LLC, GO CITY LIMITED,

| | |
|---|---|
| INDEX NO. | 653012/2019 |
| MOT SEQ NOS | 016 017 018 |

Plaintiffs,

- v -

GO NEW YORK TOURS, INC., GRAY LINE NEW YORK
TOURS, INC., TWIN AMERICA, LLC, SIGHTSEEING PASS
LLC,

**DECISION + ORDER ON
MOTIONS**

Defendants.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 016) 450, 451, 452, 453, 454, 455, 456, 457, 458, 459, 460, 461, 462, 463, 464, 465, 466, 467, 468, 483, 484, 485, 486, 487, 488, 499

were read on this motion to/for          QUASH SUBPOENA, FIX CONDITIONS          .

The following e-filed documents, listed by NYSCEF document number (Motion 017) 471, 472, 473, 474, 475, 476, 477, 478, 479, 480, 481, 489, 490, 491, 492, 498

were read on this motion to/for          AMEND CAPTION/PLEADINGS          .

The following e-filed documents, listed by NYSCEF document number (Motion 018) 500, 501, 502, 503, 504

were read on this motion to/for          LEAVE TO FILE          .

## Motion for Leave to Amend

The only new material fact supporting the proposed new counterclaims (*see* Dkt. 479) is the MOU (Dkt. 475). These claims are plainly without merit for the reasons explained by Judge Ramos (Dkt. 491 at 14-15 ["The text of the MOU fails to support these allegations, as it only describes an agreement for Gray Line to resell tickets for Big Bus tour bus services and to license intellectual properly 'solely' to the extent necessary for such resale. The MOU does not purport to combine or merge Defendants' businesses into a 'single entity,' nor does it reflect an agreement between Defendants 'to fix prices' and prevent competition in the tour bus and multi-attraction pass industries in New York City." Go New York's claim that the MOU 'formalize[s] and extend[s] a pre-existing conspiracy among Big Bus, Gray Line and Go City to deny Go New York access to critical trade

partners within New York City" [] is also implausible. The MOU, by its own terms, expressly excludes third-party attractions from its scope"]). Nor is there merit in the portion of the proposed claims based on supposed "several other agreements" (*see* Dkt. 479 at 40) that are not actually identified (*see* Dkt. 491 at 15 ["The allegations are wholly conclusory. The First Amended Complaint does not allege the terms of these agreements, the parties to them, when they were entered into or even their subject matter"]). To be sure, this court is not relying on Judge Ramos' application of the heighted federal pleading standard, but rather his analysis of the plain meaning of the MOU. Here, as in federal court, the court does not accept allegations as true when they are contradicted by documentary evidence (CPLR 3211[a][1]; *see 150 Broadway N.Y. Assoc., L.P. v Bodner*, 14 AD3d 1 [1st Dept 2004] ["where a written agreement ... unambiguously contradicts the allegations supporting a litigant's cause of action for breach of contract, the contract itself constitutes documentary evidence warranting the dismissal of the complaint pursuant to CPLR 3211(a)(1), regardless of any extrinsic evidence or self-serving allegations offered by the proponent of the claim"]). The MOU "simply does not say what [Go New York] claims it says" (*Madison Equities, LLC v Serbian Orthodox Cathedral of St. Sava*, 144 AD3d 431 [1st Dept 2016]).

To be sure, Go New York clarifies in reply its three grounds for seeking leave to amend and that only two rely on the MOU (Dkt. 498 at 4-5 [explaining that (1) "its antitrust claims allege **ongoing conduct** causing continuing exclusion of Go New York from the market resulting in ongoing injuries to competition and to Go New York"; (2) it "seeks to amend its allegations to include new evidence of anticompetitive conduct arising **from the merger** of the New York City operations of [Big Bus and Gray Line]"; and (3) "Go New York seeks to add additional claims under the Donnelly Act for monopolization and attempted monopolization arising **from the merger** of Counterclaim-Defendants' New York City operations"] [emphasis added]; *see also id.* at 6 ["Counterclaim-Defendants contention that Go New York's proposed new claim for restraint on trade in violation of the Donnelly Act is duplicative of its existing claim fails to acknowledge that Go New York alleges new material facts; most importantly **that Counterclaim-Defendants have merged their operations**"] [emphasis added]). The first category, of course, was impelled by the court's recent ruling that the scope of Go New York's extant claims did not warrant certain discovery absent leave to amend (*id.* at 4; *see* Dkt. 469). However, a review of the redlined proposed pleading does not actually reveal any new allegations—either temporally or categorically—in the extant counterclaims (*see* Dkt. 479 at 7-30).

That said, even though the proposed new fifth counterclaim is permeated with and mostly predicated on false and legally untenable assertions regarding the MOU, there are allegations that, even without the MOU, suffice to warrant a broader range of discovery. Go New York alleges that it continues to be rebuffed by various attractions, such as Top of the Rock, due to "deliberate pressure by Gray Line and Big Bus to exclude

**653012/2019   TAXI TOURS INC. vs. GO NEW YORK TOURS, INC.**                    **Page 2 of 4**
**Motion No.  016 017 018**

2 of 4

Go New York" (Dkt. 479 at 46). While just as "sparse" as many of Go New York's other allegations, they are sufficient at this stage (*see* Dkt. 398 at 5).

Of course, adjusting the temporal range of discovery is not a license to demand review of a disproportionate amount of ESI. An expanded date range does not fundamentally change what an appropriate and proportional amount of discovery is warranted. As usual, if the parties cannot agree on an appropriate volume of ESI to be reviewed the court will set a hit-count cap.

In sum, Go New York may not add any new counterclaims, but it may amend its extant counterclaims to include the minor edits to the fact section and include the additional factual allegations from the proposed fifth cause of action regarding specific attractions and expanded temporal period—but without reference or reliance on the MOU, the supposed merger, "other agreements" or business combination allegations discussed above. Simply put, the amendment will permit discovery into Go New York's contention that the previously-alleged conduct is ongoing.

Motion to Quash

Counterclaim Defendants object to the scope of Go New York's subpoenas to the extent they seek documents inconsistent with the court's prior discovery rulings (*see* Dkt. 454). The appropriate breadth of the subpoenas also is affected by the court largely denying leave to amend. Moreover, given the sensitive nature of the information, some of it may need to be produced on a confidential and/or attorneys'-eyes-only basis. Furthermore, and perhaps most critically, since Go New York must defray the reasonable costs of production (Com. Div. Rule 11-c[e]), it may not be willing to pay for what would be an extremely expensive set of productions absent substantial limitations on the scope of what is being requested. It needs to negotiate ESI protocols with narrow search terms that result in a volume of documents to be reviewed for which it is willing to pay. This may have the added benefit of guarding against much of Counterclaim Defendants' concerns. Meet-and-confers should be the next order of business, after which, if there remains disagreement, it would be more productive to further address the issues in a conference.

To the extent the parties have reached an impasse on certain discovery objections that overlap with the scope of the subpoenas, that may be addressed at the upcoming discovery conference. The court, however, will not rule on discovery disputes raised for the first time in a reply or proposed sur-reply.

Accordingly, it is ORDERED that Go New York's motion for leave to amend is GRANTED IN PART only to the extent set forth herein, an amended pleading consistent with this order shall be filed within one week, and the motion is otherwise DENIED. And it is further ORDERED that Counterclaim Defendants' motion to quash Go New York's

**653012/2019   TAXI TOURS INC. vs. GO NEW YORK TOURS, INC.**                    **Page 3 of 4**
**Motion No.  016 017 018**

[* 3]

3 of 4

subpoenas is GRANTED IN PART to the extent set forth herein, the motion is otherwise DENIED without prejudice, Go New York's motion for leave to file a sur-reply is DENIED, Go New York shall promptly provide a copy of this order to the subpoenaed parties, and the parties shall notify the court if they require a conference to further address the subpoenas.

20240927144004JSCHECTE052BD24E91B4E829609A7057418AF34

__9/27/2024__
**DATE**

**JENNIFER G. SCHECTER, J.S.C.**

CHECK ONE:

| | | | |
|---|---|---|---|
| ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| ☐ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☒ OTHER |

**653012/2019   TAXI TOURS INC. vs. GO NEW YORK TOURS, INC.**
**Motion No.  016 017 018**

Page 4 of 4